UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYREE DELON FENDERSON,

               Petitioner,                           Case Number 13-20316

v.                                             Honorable David M. Lawson

UNITED STATES OF AMERICA,

               Respondent.

_____/

## ORDER DENYING MOTIONS TO VACATE SENTENCE

Petitioner Tyree Delon Fenderson was sentenced on December 5, 2013 to cumulative prison terms of 102 months after he pleaded guilty to tampering with a witness or informant, involving the use or threatened use of physical force, 18 U.S.C. § 1512(a)(2)(A), use of a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c), and possessing a firearm after having been convicted of a felony, 18 U.S.C. § 922(g). On November 3, 2015, he filed a motion to vacate his sentence under 28 U.S.C. § 2255 in which he argued that the crime of witness intimidation by the use or threatened use of physical force no longer qualifies as a "crime of violence," as that term is defined in section 924(c), because the language of the statutory definition is unconstitutionally vague under the rule of *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held that a similar phrase in the Armed Career Criminal Act (ACCA) — which defined a violent felony as a crime that "involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii), known as the "residual clause" — was unconstitutionally vague, and therefore "an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA) violates the Constitution's guarantee of due process." 135 S. Ct. at 2555-56. The petitioner has submitted several additional filings purporting to "amend" or "supplement" his original motion and raise additional claims that he was improperly

classified under the Career Offender Guideline (R. 35, Sept. 22, 2016; R. 43, Nov. 29, 2016), that the Court did not properly consider the effect of a mandatory minimum sentence under section 924(c) when calculating the cumulative custodial term (R. 47, Apr. 17, 2017), and that his section 924(c) sentence also is unsound under the recent ruling by the Supreme Court in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) (R. 49, May 16, 2018). The Court has reviewed the petitioner's filings, the government's responses, and the record of proceedings, and now concludes that all of the petitioner's challenges to his sentence are untimely or without merit.

A federal prisoner challenging his sentence under section 2255 must show that the sentence "was imposed in violation of the Constitution or laws of the United States," the sentencing court lacked jurisdiction, the sentence exceeds the maximum penalty allowed by law, or it "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

The statute of limitations governing the filing of a § 2255 motion is set forth in 28 U.S.C. § 2255(f) and provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>
> (1)     the date on which the judgment of conviction becomes final;
>
> (2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013) (quoting 28 U.S.C. § 2255(f)). Where a federal prisoner does not pursue a direct appeal of his conviction or sentence, the judgment of conviction becomes final and the one-year limitations period begins to run when the 14-day period for filing a notice of appeal under Federal Rule of Appellate Procedure 4(b)(1) expires. *Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2013).

In this case, as to all of the claims other than the *Johnson* claim, Fenderson has not pointed to any circumstances that could excuse the tardy filing of his original petition or his several purported amended motions. Fenderson was sentenced on December 3, 2013. He did not appeal his conviction or sentence, so the judgment became final on December 17, 2013. By any measure, all of the claims that the petitioner first raised between November 3, 2015 and May 16, 2018 were asserted long after the limitations period had expired. Fenderson has not pointed to any impediment created by the government that inhibited his filing or any new facts that he could not have discovered through the exercise of due diligence that prompted the filing of his claims. He has not asserted that any newly retroactive rule other than the holding in *Johnson* supplied any new authority for his claims. Nor has he suggested that any exception to the limitations period such as equitable tolling could apply to rescue his untimely claims. *See Gillis*, 729 F.3d at 645 ("[E]quitable tolling . . . in any event would have required showing that [the petitioner] has pursued his rights diligently and that an extraordinary circumstance stood in the way of his timely filing a § 2255 motion.") (citing *Holland v. Florida*, 560 U.S. 631 (2010)). Thus, all of the petitioner's claims other than the *Johnson* claims are untimely and must be dismissed.

Fenderson filed his motion to vacate raising his first *Johnson* claim within one year after that case was decided, but that claim must fail because the petitioner's conviction under section

1512(a)(2)(A) for witness tampering by the use or threatened use of physical force plainly qualifies as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A) (the so-called "use of force" clause), without resort to the "residual clause" language implicated by *Johnson* and its progeny. 18 U.S.C. § 924(c)(3)(A) ("For purposes of this subsection the term 'crime of violence' means an offense that is a felony and . . . has as an element the use, attempted use, or threatened use of physical force against the person or property of another."); *Lobbins v. United States*, 900 F.3d 799, 801-02 (6th Cir. 2018) ("To show that [the defendant] violated this provision, therefore, the government was required to prove that he (1) *used or threatened physical force against a person* (2) with an intent to "hinder, delay, or prevent" a 'communication' to a federal 'law enforcement officer or judge' (3) about the [commission] of a federal offense.") (stating the elements of a claim under parallel subsection 1512(a)(2)(C)); *United States v. Gavin*, 583 F.3d 542, 548 (8th Cir. 2009) ("To establish a violation of witness tampering under § 1512(a)(2)(A), the government must show [that the defendant] *used or threatened physical force* with the intent of curtailing [the witness's] involvement in his prosecution.") (emphases added). Even if section 924(c)(3)(B) is infirm as an avenue for the petitioner's 924(c) conviction after *Johnson*, that ruling did nothing to call into question the constitutional soundness of section 924(c)(3)(A).

The Supreme Court's recent ruling in *Dimaya*, which applied the reasoning of *Johnson* to the Immigration and Nationality Act, also does not call into question the soundness of section 924(c)(3)(A). *See In re Gordon*, No. 18-3449, 2018 WL 3954189, at *1 (6th Cir. Aug. 14, 2018) ("Even if the Supreme Court had announced that *Dimaya* applies to § 924(c)(3)(B), that rule has no effect on Gordon's case because his convictions for Hobbs Act robbery qualify as crimes of violence under § 924(c)(3)(A) as offenses having 'as an element the use, attempted use, or

threatened use of physical force against the person or property of another.'" (citing *United States v. Gooch*, 850 F.3d 285, 291-92 (6th Cir.), *cert. denied*, 137 S. Ct. 2230 (2017)).

Finally, the petitioner argues in a purported amendment to his initial motion that his designation as a Career Offender under the sentencing guidelines also was improper. The petitioner relies on *Johnson* as the authority for that claim as well, contending that one of his convictions for "fleeing and eluding" no longer qualifies as a predicate offense under the "residual clause" of the Career Offender guideline, which is worded similarly to the congruent phrase in the Armed Career Criminal Act that *Johnson* struck down. After *Johnson* was decided, in *United States v. Pawlak*, 822 F.3d 902, 903 (6th Cir. 2016), the Sixth Circuit concluded that the Court's reasoning in *Johnson* "compels the same result for [the] identical 'residual clause' in the U.S. Sentencing Guidelines," and held that the residual clause of the Career Offender guideline was unconstitutionally vague. However, on March 6, 2017, the Supreme Court overruled that decision, holding that "[b]ecause the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness." *Beckles v. United States*, 137 S. Ct. 886, 897 (2017). Thus, after *Beckles*, the petitioner's due process challenge to the Career Offender enhancement is a non-starter.

The petitioner's *Johnson* claims are without merit, and all of the other claims that he purports to raise in his various amended and supplemental filings are untimely.

Accordingly, it is **ORDERED** that all of the petitioner's motions and amended motions to vacate his sentence [R. 26, 35, 37, 41, 43, 47, and 49] are **DENIED**.

It is further **ORDERED** that the government's motion to stay the proceedings [R. 38] is

**DENIED** as moot.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date:   September 26, 2018

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 26, 2018.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI